Isaac Cunningham *v.* Hugh McConnell.

**Pleading—Petition on Notes and Accounts.**

    A petition which alleges an indebtedness for sewing machines in the sum of $1,000 and an indebtedness on accounts and notes, with-

out alleging when or how many of the machines were delivered, or against whom the accounts were credited, or by whom the notes were executed, is insufficient.

### APPEAL FROM BOURBON CIRCUIT COURT.

#### December 20, 1873.

OPINION BY JUDGE PRYOR:

The statement of the accounts, existing between Rees and appellee, made by the latter, is so unsatisfactory as to require a reversal. It can not be ascertained whether many of the claims evidencing the indebtedness, existed before or after the appellant became bound as the surety of Rees. There was also charges for cash advanced by McConnell to his agent, for which the surety can not be made to account by reason of his covenant, unless there is some explanation or reason assigned, other than the mere statements of these items in the account, bringing these cash claims within the breach of the covenant declared on. The petition, although no demurrer seems to have been filed, did not assign such breaches of the covenant as would authorize a recovery for the amount of the notes, if a recovery can be had at all under it.

The answer, however, may cure some of the defects in the petition and give the appellee a standing in court. The petition alleges an indebtedness in the sum of one thousand dollars for sewing machines, sold or delivered to the agent under the contract, and an indebtedness by account and notes, etc., without alleging when or how many of the machines were delivered, or against whom the accounts were created, or by whom the notes were executed. Neither the agent nor the appellant, as his surety, can respond to such a pleading; and when the statement of the accounts, as made by the appellee, is connected with the pleading, the reason for alleging the specific breaches of the covenant clearly appears. We do not understand that the appellee is seeking to recover the amount of the notes secured by the mortgage, or that any judgment was rendered upon these claims. The parties should be allowed to amend their pleading, and the case be referred to a commissioner to audit the accounts between Rees and the appellee, in order that the liability, if any, of the appellant may be determined. The judgment reversed

and cause remanded for further proceedings consistent with this opinion.

*Davis,* for appellant.

*Hargis,* for appellee.